UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v -  :  INFORMATION

CURTIS POPE,

    Defendant.  10 Cr. ___ (RJH)

10 CRIM 675

- - - - - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1. From at least in or about February 2008 through in or about July 2010, in the Southern District of New York and elsewhere, CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956 and 1957.

2. It was a part and an object of said conspiracy that CURTIS POPE, the defendant, and other known and unknown, unlawfully , willfully and knowingly would and did transport, transmit, transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States with intent to promote the carrying on of a specified unlawful activity, to wit, the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

3. It was further a part and an object of said

conspiracy that CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully and knowingly, would and did engage in monetary transactions in criminally derived property of a value greater than $10,000 and which was derived from specified unlawful activity, to wit, illegal gambling, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h))

## COUNT TWO

The United States Attorney further charges:

4. From at least in or about February 2008 through in or about May 2009, in the Southern District of New York and elsewhere, CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense under Chapter 63 of Title 18, United States Code, to wit, a violation of Title 18, United States Code, Section 1344.

5. It was a part and an object of the conspiracy that CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation and to obtain the moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and

promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349).

## COUNT THREE

The United States Attorney further charges:

6.  From in or about February 2008 through in or about May 2009, in the Southern District of New York, and elsewhere CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, violations of Title 18, United States Code, Section 1955 and Title 31, United States Code, Sections 5363 and 5366.

7.  It was a part and an object of the conspiracy that CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated online poker, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of such business, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

8.   It was further a part and an object of the conspiracy that CURTIS POPE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would, with persons engaged in the business of betting and wagering, knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling in violation of New York Penal Law Sections 225.00 and 225.05, an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, in violation of Title 31 United States Code, Sections 5363 and 5366.

## OVERT ACT

9.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York:

a.   In or about February 2008, POPE began processing financial transactions for illegal internet gambling businesses.

(Title 18, United States Code, Section 371).

## FORFEITURE ALLEGATION AS TO COUNT ONE

10.   As a result of committing the offense of conspiracy to violate 18 U.S.C. §§ 1956 and 1957 alleged in Count One of this Information, CURTIS POPE, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering conspiracy offenses and all property traceable to such property, including but not limited to the following:

a.   At least approximately $543,210,092 in United

States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

### Substitute Asset Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982, 1956 and 1957.)

### FORFEITURE ALLEGATION AS TO COUNT TWO

12. As a result of committing the offense of conspiracy to violate 18 U.S.C. § 1344 alleged in Count Two of this Information, CURTIS POPE, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the bank fraud conspiracy offense, including but not limited to the following:

a.   At least $543,210,092 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the bank fraud conspiracy offense.

### Substitute Asset Provision

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property. (Title 18, United States Code, Sections 982 and 1344.)

### FORFEITURE ALLEGATION AS TO COUNT THREE

14.   As a result of committing the offense of conspiracy to violate 18 U.S.C. § 1955 alleged in Count Three of this Information, CURTIS POPE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the gambling conspiracy offense, including but not limited to the

following:

       a.   At least $543,210,092 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the gambling conspiracy offense.

<h3 style="text-align:center">Substitute Asset Provision</h3>

       15.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

       a.   cannot be located upon the exercise of due diligence;

       b.   has been transferred or sold to, or deposited with, a third person;

       c.   has been placed beyond the jurisdiction of the Court;

       d.   has been substantially diminished in value; or

       e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1955;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**CURTIS POPE,**

**Defendant.**

**INFORMATION**

10 Cr. _____

(18 U.S.C. §§ 371, 1349, 1956(h) )

PREET BHARARA
United States Attorney.